UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

JERMAINE C. MOORE,

Defendant.

Case No. 1:08-cr-310-01-RCL

### MEMORANDUM OPINION

Defendant Jermaine Moore has filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 67. In 2009, Moore pleaded guilty to three counts of a superseding indictment: two counts of transporting minors to engage in prostitution, violating 18 U.S.C. § 2423(a), and one count of simple assault, violating D.C. Code § 22-404(a)(1). *See* 05/29/09 Min. Entry; Judgment, ECF No. 38. Now, years later, Moore objects to his guilty-plea proceedings. Moore concedes that he served as a pimp for two minors—but, he says, he is innocent because he did not *know* they were minors. *See* ECF No. 67 at 22. Moore also raises three purported procedural defects: (1) that he did not receive effective assistance of counsel, (2) that the sentencing judge's court lacked jurisdiction, and (3) that he pleaded guilty unknowingly and involuntarily. *Id.* at 14.

The government opposes Moore's § 2255 motion. ECF No. 81. It urges the Court to summarily deny Moore's claims as untimely or meritless. *See id.* at 5. The Court agrees. Upon consideration of Moore's motion, the government's response, applicable law, and the record as a whole, the Court will **DENY** Moore's § 2255 motion to vacate, set aside, or correct his sentence.

1

## I.   BACKGROUND

In 2007 and 2008, Moore trafficked a 15-year-old girl and 17-year-old girl. Statement of Offense 1–2, ECF No. 27. Moore brought both girls across state lines into Washington, D.C., required them to engage in sex acts for money, and physically abused them when they failed to meet his nightly quotas. *Id.* at 1–3. The girls told Moore that they were 15 and 17 years old. *Id.* at 1–2. Moore had the girls stay at various hotels in Maryland while working for him as prostitutes. *Id.* at 2.

On November 25, 2008, a grand jury charged Moore with (1) sex trafficking of children by force, fraud, or coercion, violating 18 U.S.C. § 1591(a)(1); (2) transporting minors to engage in prostitution, violating 18 U.S.C. § 2423(a); (3) simple assault, violating D.C. Code § 22-404(a)(1); and (4) witness tampering, violating 18 U.S.C. § 1512(b)(1). Superseding Indictment, ECF No. 14. On May 29, 2009, Moore pleaded guilty to two of the § 2423(a) counts for transporting minors and to the § 22-404(a) count for simple assault. *See* 05/29/09 Min. Entry.

On October 29, 2009, Judge Henry H. Kennedy, Jr. sentenced Moore to 204 months' incarceration, concurrently, for the two § 2423(a) counts for transporting minors and imposed a consecutive 180-day term for the § 22-404(a) simple-assault count. Sent'g Tr. 62:14–19, ECF No. 63. Judge Kennedy also imposed a life term of supervised release. *Id.* at 62:20–24.

On appeal, the D.C. Circuit affirmed Moore's conviction in its entirety. *United States v. Moore*, 555 F. App'x 1 (D.C. Cir. 2014). On May 19, 2014, the D.C. Circuit denied Moore's petition for rehearing en banc. *Id.* Moore did not file a petition for certiorari in the Supreme Court. ECF No. 67 at 2. Years later, on October 25, 2020, Moore filed the present § 2255 motion. *Id.* at 11.

2

## II.  LEGAL STANDARD

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct his sentence if (1) the sentence was imposed "in violation of the Constitution or laws of the United States"; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence "was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The prisoner bears the burden to prove his right to relief by a preponderance of the evidence. *United States v. Baugham*, 941 F. Supp. 2d 109, 112 (D.D.C. 2012). A district court need not hold an evidentiary hearing when "the motion and the files and records of the case conclusively show the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Per the Antiterrorism and Effective Death Penalty Act ("AEDPA"), § 2255 motions are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). This limitations period begins on the latest of the date when (1) "the judgment of conviction becomes final," (2) an "impediment to making a motion created by governmental action in violation of the Constitution" or statutes is removed, (3) the Supreme Court newly recognizes a right and makes it "retroactively applicable" to collateral proceedings, or (4) "the facts supporting the claim . . . could have been discovered through the exercise of due diligence." *Id.* In most cases, the limitations period ends when the "judgment of conviction becomes final." *Dodd v. United States*, 545 U.S. 353, 357 (2005). "[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003).

The Supreme Court has left open a "gateway" to this statute of limitations—actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). If a defendant can prove that he is actually innocent of the charged offense, procedural bars and AEDPA's statute of limitations will

3

not apply. *Id.* But "tenable actual-innocence gateway pleas are rare." *Id.* A defendant must demonstrate that "in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Adams v. Middlebrooks*, 640 F. App'x 1, 3 (D.C. Cir. 2016) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)) (internal quotation marks omitted). Actual innocence "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). And "[i]n cases where the Government has foregone more serious charges in the course of plea bargaining, [a defendant's] showing of actual innocence must also extend to those charges." *Id.* at 624.

### III. DISCUSSION

Defendant Moore brings four arguments before the Court: (1) that he "was denied effective counsel during the plea process"; (2) that "[t]he Court failed to establish jurisdiction"; (3) that his guilty plea "was unknowingly and involuntarily" given; and (4) that he is actually innocent of his § 2423(a) convictions for transporting minors to engage in prostitution. ECF No. 67 at 14. The government contends that these claims are time-barred and that Moore's actual-innocence argument misrepresents the record. ECF No. 81 at 7–11. The Court agrees with the government. Moore's claims are untimely by more than five years. And Moore, in his actual-innocence argument, misinterprets § 2423(a) and misunderstands actual-innocence doctrine.

#### A. Moore's Claims Are Untimely

To start, Moore's § 2255 claims arrive years too late. Under AEDPA, a defendant must bring any § 2255 claims within one year of when the "judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A judgment of conviction is "final" when a defendant's time to file a petition for a writ of certiorari expires. *Clay*, 537 U.S. at 525. If an appellate court denies a petition for rehearing, the defendant has 90 days from the date of that denial to file his certiorari petition with

4

the Supreme Court. *See* Sup. Ct. R. 13. Since the D.C. Circuit denied Moore's petition for rehearing on May 19, 2014, Moore had until August 17, 2014 to file his certiorari petition. Per § 2255(f)(1), Moore was required to file any desired § 2255 claims by August 17, 2015. *See* 28 U.S.C. § 2255(f)(1); *Clay*, 537 U.S. at 525. Moore did not bring these claims until October 25, 2020—five years after this deadline. The Court, accordingly, will deny these untimely claims.

### B. Moore's Actual-Innocence Argument Is Meritless

Nonetheless, Moore tries to leap over this procedural hurdle through an actual-innocence argument. Moore contends that he is actually innocent of his § 2423(a) convictions "[b]ecause he had no knowledge of the fact [that] the females were minors when he transported them across state lines." ECF No. 67 at 22. This argument fails.

First, a § 2423(a) conviction does not require knowledge of a minor's age. The statute reads:

> A person who *knowingly transports an individual who has not attained the age of 18 years* in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2423(a). The key clause is "knowingly transports an individual who has not attained the age of 18 years." *Id.* Moore assumes that "knowingly" modifies both phrases—that to violate § 2423(a), a defendant must know (1) that he is transporting an individual and (2) that the individual is less than 18 years old. *See* ECF No. 67 at 22; ECF No. 81 at 8–10. Though the D.C. Circuit has not answered this question, other circuits have. An "overwhelming number" of the

5

federal courts of appeals "have concluded that 'knowingly' does not extend to the victim's age." *United States v. Tyson*, 947 F.3d 139, 143 (3d Cir. 2020) (citations omitted).[1]

The *Tyson* court recognized that Congress's intent in enacting § 2423(a) was to provide minors with "a heightened protection against sexual exploitation." *Id.* at 144. Moore's interpretation would require the Court to ignore Congress having "eliminated offenders' opportunity to prey on children without consequence by claiming ignorance of the victim's age." *Id.* (citing *United States v. Jones*, 471 F.3d 535, 540 (2006)). Section 2423(a) therefore falls into a limited category of "special contexts": exceptions to the traditional rule of extending a *mens rea* term to all elements of an offense. *Id.* at 143 (citing *Flores-Figueroa v. United States*, 556 U.S. 646, 652 (2009)). This Court is persuaded in this interpretation of § 2423(a) by the reasoning of the *Tyson* court and the collective wisdom of its sister circuits.

Second, Moore tries to argue that he is actually innocent based on § 2423's defense provision. That subsection states, in full:

> In a prosecution under this section based on illicit sexual conduct as defined in subsection (f)(2), it is a defense, which the defendant must establish by clear and convincing evidence, that the defendant reasonably believed that the person with whom the defendant engaged in the commercial sex act had attained the age of 18 years.

18 U.S.C. § 2423(g). This argument fails because Moore was not prosecuted for an offense involving "illicit sexual conduct." The statute defines "illicit sexual conduct" as "any commercial sex act . . . with a person under 18 years of age." *Id.* § 2423(f)(2). But the term "illicit sexual conduct" appears only in § 2423(b), (c), and (d)—not in § 2423(a). *See id.* § 2423. Since "the

---

[1] *See, e.g., United States v. Lacy*, 904 F.3d 889, 898 (10th Cir. 2018); *United States v. Washington*, 743 F.3d 938, 943 (4th Cir. 2014); *United States v. Tavares*, 705 F.3d 4, 19–20 (1st Cir. 2013); *United States v. Daniels*, 653 F.3d 399, 410 (6th Cir. 2011); *United States v. Cox*, 577 F.3d 833, 837–38 (7th Cir. 2009); *United States v. Griffith*, 284 F.3d 338, 350–51 (2d Cir. 2002); *United States v. Taylor*, 239 F.3d 994, 997 (9th Cir. 2001).

statute's language does not create an affirmative mistake-of-age defense," *Tyson*, 947 F.3d at 144, the § 2423(g) defense would not apply to Moore even if he mistook the girls' ages.

Third, the record does not support Moore's mistake-of-age story. Moore's statement of the offense explained that his victims told him they were 15 and 17 years old. Statement of Offense 1–2. Moore "agree[d] and acknowledge[d]" that this statement of the offense was "true and accurate" by affixing his signature to the document. *Id.* at 5. He reiterated that he agreed with this narrative during his presentence interview. Presentence Investigation Rep. 6, ECF No. 32. And when denying his appeal, the D.C. Circuit repeated: "Moore acknowledges that the Statement of the Offense fairly and accurately described his action and involvement in the offenses to which he pled guilty." *United States v. Moore*, 555 F. App'x 1, 1 (D.C. Cir. 2014) (per curiam) (italics removed).

Finally, Moore misunderstands the actual-innocence standard. A defendant asserting an actual-innocence argument must "persuade[] the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329). Actual innocence "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. A "prototypical example," for instance, "is the case where the State has convicted the wrong person of the crime." *Sawyer v. Whitley*, 505 U.S. 333 (1992) (internal quotation marks omitted). Moore does not quarrel that he transported his victims across state lines and induced them to turn tricks. Nor does he bring new evidence showing his factual innocence.[2] And "assertions of . . . inadequacies on the part of . . . [his] defense attorney[ ] or the Court at his plea hearing do not constitute new evidence."

---

[2] Moore's evidence consists of a single affidavit. ECF No. 67 at 37–38. In it, he states that he "is innocent of these charges under the law, because the females involved [led] me to believe they were at least 18." *Id.* at 37. He then recalls his attorney's statement that "lack of knowledge of [the victims] being underage was not a defense to the crime." *Id.* at 38.

*United States v. Merise*, No. 1:06-cr-42-1 (JDB), 2020 WL 1930306, at *4 (D.D.C. Apr. 21, 2020) (citing *Rodriguez v. United States*, No. 1:14-cv-4628 (CSH), 2017 WL 6404900, at *40 (S.D.N.Y. Dec. 13, 2017)). Rather, Moore argues that, *legally*, he is innocent because he thought the victims were 18 years old. *See* ECF No. 67 at 25, 37.

Even ignoring the federal judiciary's consensus that § 2423(a) does *not* carry a knowledge requirement, Moore's actual-innocence argument would fail. *Cf. United States v. Tanguay*, No. 1:08-cr-271-5 (RCL), 2020 WL 2735589, at *3 (D.D.C. May 26, 2020) ("Lack of requisite intent does not constitute actual innocence."); *United States v. Marandola*, 372 F. Supp. 3d 7, 16 (D.R.I. 2019) (reasoning that an allegation that the government failed to prove elements of a crime "goes to legal sufficiency, not factual innocence"). Assertions that a conviction was legally insufficient are of no moment in this analysis; it is the facts that matter.

\*     \*     \*

To sum up, Moore's claims are untimely and he has not offered new evidence that he is actually innocent. Moore brought his § 2255 motion five years after AEDPA's one-year statute of limitations deadline. And his actual-innocence arguments focused on the *legal* insufficiency of his convictions, not the factual insufficiency—notwithstanding that his legal argument ignores decades of circuit authority to the contrary. For these reasons, the Court will **DENY** his motion to vacate, set aside, or correct his conviction under 28 U.S.C. § 2255.

### IV.   CERTIFICATE OF APPEALABILITY

Before appealing a final order denying a § 2255 motion, a court must "issue or deny a certificate of appealability." Rules Governing § 2255 Proceedings, Rule 11(a). The defendant may not appeal a final order without this certificate of appealability, which requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Doing so requires the

defendant to demonstrate that reasonable jurists could debate whether "the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)) (internal quotation marks omitted). When a district court denies relief on procedural grounds, the defendant must also show that reasonable jurists would debate "whether the district court was correct in its procedural ruling." *United States v. Baxter*, 761 F.3d 17, 26 n.10 (D.C. Cir. 2014) (quoting *Slack*, 529 U.S. at 484).

Under § 2255(f)(1), Moore's claims came five years too late. Moore does not indicate that another § 2255(f) provision excuses this untimeliness. And his actual-innocence arguments fly in the face of well-established case law and the record of his case. For these reasons, the Court finds that reasonable jurists would not debate whether Moore's claims are untimely or that Moore's claims deserve encouragement to proceed further. Moore has not made a substantial showing of the denial of a constitutional right. The Court will therefore decline to issue a certificate of appealability for Moore's claims.

## V. CONCLUSION

For these reasons, the Court concludes that Moore's motion and the record in his case do not show his entitlement to relief. The Court declines to hold an evidentiary hearing, *see* 28 U.S.C. § 2255(b), and will **DENY** Moore's § 2255 motion. No certificate of appealability shall issue. A separate order consistent with this memorandum opinion shall issue this date.

Date: July 12, 2022

Royce C. Lamberth
United States District Judge

9